THE STATE on the relation of ROBERT HANCOCK, JR., v. OR-
LANDO HUBBS.

*Elections—Pleading.*

Where the complaint set forth the whole number of votes cast at an election, and alleged that the relator received a specific number of those votes—being a majority—and "was duly elected;" *Held,* that a demurrer to the complaint, upon the ground that it did not sufficiently allege that the relator received a majority of the said votes, was bad.

CIVIL ACTION, tried before *Shipp, Judge,* at February Term, 1887, of CRAVEN Superior Court, upon demurrer to the complaint.

The relator alleged that at the election held in November, 1886, in Craven county, there had been cast for Register of Deeds "three thousand six hundred and twenty-nine votes, of which number nineteen hundred and fifty-eight were voted for relator, sixteen hundred and sixty-four for the defendant," and seven for another party, and that the relator "was duly elected Register of Deeds at said election," but that the Board of County Canvassers illegally rejected certain returns and certified that the defendant had been duly elected; and that the defendant had been inducted into and was then exercising the functions of the office.

The defendant demurred, and assigned, among other grounds:

" *Third.* In that it appears from the complaint that, ac-cording to the returns of the precinct board of elections from .all the precincts in the county, the relator did not receive .a majority of the votes cast at said election."

There was judgment overruling the demurrer, from which the defendant appealed.

*Messrs. H. R. Bryan* and *M. D' W. Stevenson,* for the plaintiff.
*Messrs. W. W. Clark* and *C. M. Busbee,* for the defendant.

MERRIMON, J.   The complaint sufficiently alleges a cause ·of action, but it certainly contains much unnecessary re-·dundant matter, including evidential facts.   This is all ·surplusage, and to be disregarded as part of the plead-ings.   The demurrer applies only to the constituent and ·material allegations of the complaint, and, for the pur-poses of deciding the questions of law presented by the ·record, these must be accepted as true.   It is distinctly al-leged that the whole number of votes cast at the election was .a number designated; that of them the relator received a number mentioned—a majority of the whole number; that other persons received votes less than a majority, and that the relator, having received such majority, was duly ·elected.   This is a constituent allegation to which the de-murrer properly applies.   So that the complaint does allege ·that the relator received " a majority of the votes cast at said ·election," and the cause of demurrer cannot be sustained.

In other respects this case is fully embraced by what was ·decided in *Gatling* v. *Boone, Hahn* v. *Stinson* and *Kilburn* v. *Patterson,* of the present term.   There is no error.

Affirmed.   .